# SUPREME JUDICIAL COURT

FOR THE

COUNTIES OF BRISTOL, PLYMOUTH, BARNSTABLE
AND DUKES COUNTY, OCTOBER TERM 1843,
AT PLYMOUTH.

PRESENT :

Hon. LEMUEL SHAW, Chief Justice.
Hon. SAMUEL S. WILDE,
Hon. CHARLES A. DEWEY, } Justices.
Hon. SAMUEL HUBBARD,

JONATHAN MENDELL & another *vs.* HENRY D. DELANO.

A , being owner of a lot of land, and of three sixteenths of a wharf adjoining said land on the south, conveyed his part of the wharf to B., with this reservation : " Reserving to myself, my heirs and assigns, to pass to and from said wharf to my land on the north side of said wharf :" B. conveyed three sixteenths of the wharf to C. by a deed of quitclaim, and C., by a like deed, conveyed one half of the wharf to E. : A. then conveyed his land north of the wharf to D., with all the privileges and appurtenances, bounding the same southerly on the wharf; and D., by a like deed. conveyed the same to M. : E. then conveyed one half of the wharf to F., by deed of quitclaim, and F. and G. then quitclaimed the land north of the wharf to M., by a deed like that of A. to D., and that of D. to M.: F. afterwards obstructed M.'s passage to and from the wharf, and M. brought an action against him for this obstruction. *Held,* that M. was entitled to recover; that the reservation in A.'s deed to B. created an easement to and over the wharf, for the benefit of his land on the north, and annexed it as an appurtenance to that land; that when A. conveyed his part of the wharf to B., and B. to E., the grantees took it subject to the easement; and that F. and G., by conveying the land north of the wharf, with the privileges and appurtenances, confirmed the easement.

TRESPASS upon the case for obstructing the plaintiffs' right of way, from their land across a parcel of land in Rochester,

belonging to the defendant and David Hathaway, and called the Old Wharf. Trial before *Shaw*, C. J., whose report of the case was as follows:

It appeared that the plaintiffs owned a lot of land bounded westerly on a highway, easterly on the tide water of Rochester Harbor, and southerly on a wharf owned by the defendant. From the highway was an open passage-way, commonly used for the passage of teams and carriages easterly towards the end of the wharf which was bounded on tide water.

The plaintiffs claimed a general right of way from their own land to and upon the wharf, and thence by the open passage-way, along the wharf, to the highway; and their complaint was, that the defendant laid timber along the wharf, and near the plaintiffs' line, against that part of their land where there had been, for a considerable time, bars or a gate, and which place had been most commonly used for passing from their land on to the wharf.

The parties went extensively into the investigation of the ancient title, both to the wharf on the south, and the plaintiffs' lot on the north. Both parties claimed title under Joseph Hammatt; namely, the plaintiffs, the whole of their lot on the north, and the defendant three sixteenths of the wharf on the south. It appeared that on the 30th of May 1831, said Hammatt, owning the lot on the north, and three sixteenths of the lot adjoining on the south, conveyed to Zephaniah Eddy, by deed of bargain, sale and quitclaim, three sixteenths of the wharf, with the privileges and appurtenances. In that deed was this reservation: "Reserving to myself, my heirs and assigns, to pass to and from said wharf to my land on the north side of said wharf." Said Eddy conveyed the same to Leonard Bolles, by deed dated July 25th 1834. In this deed, for greater certainty, Eddy referred to the above deed to him from Hammatt. Said Bolles, by deed of quitclaim, dated July 29th 1837, conveyed one undivided half of the wharf to David Lewis; and said Lewis, on the 16th of July 1841, by deed of quitclaim, conveyed one half of the wharf to the defendant.

The plaintiffs' title to the lot on the north side was traced

to Joseph Hammatt, as follows: Said Hammatt, on the 19th of September 1838, conveyed said lot, by deed of quitclaim, to Walter Turner, jr., bounded southerly on the wharf, with all the privileges and appurtenances. Said Turner, on the 13th of July 1841, conveyed the same, by a like deed, to the plaintiffs.

The plaintiffs also gave in evidence a deed from the defendant and David Hathaway to them, dated October 3d 1841, by which the defendant and said Hathaway quitclaimed all their right, title and interest, to the lot on the north, (which was described as bounding southerly on the wharf owned by them,) with the privileges and appurtenances.

The legal construction put by the court upon these conveyances was this : That the effect of the deed of Hammatt to Eddy of his interest in the wharf, reserving a right of way to his land, was, so far as that deed operated to convey an interest in the wharf, to create an easement to and over the wharf, for the benefit of his land on the north, and to annex it to that estate, as one of its appurtenances ; and that when Eddy conveyed his interest in the wharf to Bolles, and Bolles to Lewis, and Lewis to the defendant, each took subject to that easement : And so when Hammatt conveyed his estate on the north to Turner, and Turner to the plaintiffs, each took the granted estate, with the benefit of that easement, as one of its appurtenances : That this was confirmed by the deed of the defendant and Hathaway, to the plaintiffs, of the lot of land on the north, with the privileges and appurtenances belonging thereto.

It was therefore ruled, that if these deeds were duly executed and delivered, (which was not denied,) whatever might be the right of the plaintiffs against other proprietors of the wharf, they had the right of way claimed, as against the defendant ; and if it was obstructed by him, the plaintiffs were entitled to recover some damages.

A verdict was returned for the plaintiffs, which is to be set aside, and a new trial granted, if the construction given of the deeds was wrong, or if the plaintiffs are not entitled, as against the defendant, to the right of way claimed by them.

This case was argued at the last October term.

*Eddy & Coffin,* for the defendant.

*E. Bassett,* for the plaintiffs.

WILDE, J.   The general question to be determined in this case is, whether the plaintiffs have proved a valid title to the right of way claimed over the defendant's land.   Both parties claim title under Joseph Hammatt; and the plaintiffs' title to the right of way claimed is derived from a reservation in a deed of conveyance from said Hammatt to Zephaniah Eddy, from whom the defendant derives his title to the land and wharf, over which the right of way is claimed.   The reservation is as follows:   " Reserving to myself, my heirs and assigns, to pass to and from said wharf to my land on the north side of said wharf."   Under this reservation, the plaintiffs claim a general right of way to pass from their own land, on the north of said wharf, to an open passage-way along the wharf to the public highway.   To this claim several objections are made by the defendant's counsel.

1. In the first place, it is objected, that the reservation is of a right of way in gross, which did not pass by Hammatt's deed to Turner, and from Turner to the plaintiffs.   But we think it very clear, that the right of way, reserved or created by the deed of Hammatt to Eddy, was intended for the benefit of the lot on the north of the wharf, and so was annexed as appurtenant thereto, and passed by the conveyance of Hammatt to Turner, and from Turner to the plaintiffs.   Indeed, it is expressly so reserved.   The reservation is to Hammatt, his heirs and assigns, and for the sole purpose of passing to and from the wharf to the said lot on the north side thereof.

2. The second objection is, that Hammatt, being a tenant in common with other proprietors of the wharf, had no right to create a new right of way over the common property, to the prejudice of his cotenants.   But without stopping to discuss the question whether a tenant in common can create such an incumbrance, so as to be binding on his cotenants — a question not material in the present case — we are of opinion that it is unquestionably binding on the parties to the deed creating the incumbrance, and those claiming under them ; and that Hammatt, under the reservation in his deed to Eddy, had the same

legal rights as he would have had if there had been no reservation in his deed, and he had taken back from Eddy a grant of the right of way. We think, therefore, that it was rightly decided, at the trial, that the defendant took his estate subject to the reservation. The result, however, would be the same, if the reservation were only binding on Eddy and his heirs; for the defendant, after his purchase from Lewis, released all his right, title and interest, to the northerly lot, with all the appurtenances ; and this confirmed the plaintiffs' title to the right of way, if a confirmation were necessary.

3. The remaining objection to the plaintiffs' title may be considered more doubtful, as it depends on the construction to be given to the deed from Hammatt to Eddy, in respect to the extent of the right of way reserved, the language of which is not definite; and the intention of the parties is to be inferred from the nature of the reservation, and the facts and circumstances reported. The right claimed by the plaintiffs is a right to pass from their own land over to the wharf, and thence by the open passage-way, along the wharf, to the highway. The objection is, that the plaintiffs have no right thus to pass along to the highway. It is true that such a right is not reserved in express terms, but the language of the reservation is to be construed according to the intention of the parties ; and to ascertain that, we must consider the nature and object of the reservation.

The right reserved, is to pass to and from the wharf to the plaintiffs' land on the north side thereof; but not to pass across or over the wharf from the plaintiffs' land to any other place. The object therefore seems to have been, to reserve an access to the wharf for the transaction of business there; and if so, then the plaintiffs have the right to pass and repass to any part of the wharf which may be necessary for that purpose. Otherwise, they could not fully enjoy the privilege intended to be reserved. They may therefore use the open passage-way along the wharf, if necessary, but they have no right to use it as a thoroughfare to pass and repass to or from any other place.

Now it does not appear, by the report of the case, in what manner, or for what purpose, the plaintiffs had used, or claimed the right to use, this open passage-way. Nor is it now neces-

sary to ascertain that fact; for if the plaintiffs had used the passage-way for purposes not intended by the reservation, that would not justify the defendant in obstructing the way; but his remedy would be by action. By a wrongful user, a party does not forfeit his legal rights, but is responsible only for damages.

It appears by the report, that the obstruction complained of was for laying timber along the wharf, and near the plaintiffs' line, against that part of the plaintiffs' land where there had been, for a considerable time, bars or a gate, and which place had been used as the place for passing from the plaintiffs' land on to the wharf. This undoubtedly was an obstruction of the plaintiffs' access to the wharf, and nothing appears in the report to justify it.

*Judgment on the verdict.*